# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:17CR00039 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **FRANKLIN RAY McCORMICK,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Franklin Ray McCormick, through counsel, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that his conviction for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence is invalid in light of *Rahaif v. United States*, 139 S. Ct. 2191 (2019). The government has opposed the motion. For reasons stated, the motion will be denied.

I.

On December 8, 2017, the defendant waived indictment and pleaded guilty to a one-count Information charging him with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). On March 23, 2018, this court sentenced the defendant to 12 months

imprisonment, followed by three years of supervised release. The defendant did not appeal. On April 26, 2019, the defendant was released from prison and is currently on supervised release.

On June 19, 2020, the defendant timely filed the present § 2255 motion, arguing that his § 922(g) conviction is invalid following *Rehaif*. In *Rahaif*, the Supreme Court held that § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197. When McCormick was convicted in 2018, however, the Fourth Circuit and other courts of appeals had uniformly held that a conviction under § 922(g) did not require the government to prove the defendant knew of his prohibited status. *See, e.g., United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995). McCormick contends that his conviction should be vacated on three grounds: (1) the indictment did not allege, as an element, that he had knowledge of his prohibited status; (2) the evidence could not convict him, because the government did not present evidence proving he knew of his prohibited status; and (3) the court violated his Sixth Amendment right to have a complete verdict by failing to instruct the jury on the knowledge-of-status element.[1]

---

[1] The defendant's grounds for vacating his conviction assume erroneously that he was charged by indictment, instead of an information, and that he was convicted at a jury trial, rather than by a guilty plea. I will construe the motion as though the defendant were asserting a *Rehaif* error based on a defective information and the acceptance of his plea without informing him that if he went to trial the government would have to prove that he had knowledge of his prohibited status.

In its response, the government concedes that *Rehaif* applies retroactively on collateral review but argues that McCormick procedurally defaulted his claim. To overcome the default, a defendant must show cause and prejudice or actual innocence. The government maintains that McCormick has not met either showing. The defendant responded, citing *United States v. Gary*, 954 F.3d 194, 201 (4th Cir. 2020), that the *Rehaif* error was "structural," entitling him to vacatur without a showing of actual prejudice. After the parties briefed the motion, the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021), which reversed *Gary* and clarified the standard to show prejudice for unpreserved *Rehaif* errors. Supplemental briefing on *Greer* is not necessary to decide this motion because its application is clear.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Generally, defendants cannot collaterally attack a conviction on grounds they failed to raise at trial or on appeal because "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). There is an exception. Where a defendant has procedurally defaulted his claim, the default "may be excused in two circumstances: where a personal attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (citation omitted).

In *Rehaif*, the Supreme Court held that in § 922(g) cases, the government must "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Court considered in *Greer* whether an unpreserved *Rehaif* error was "plain" or "structural." The defendants Gregory Greer and Michael Gary had separately been convicted of felon-in-possession offenses.[2] Greer was convicted at trial, in which the jury was not instructed to find that he knew he was a felon when he possessed the firearm; Gary pled guilty and during his plea colloquy, the district court did not advise him that, if he went to trial, the government would have to prove that he knew that he was a felon when he possessed the firearm.

---

[2] *Greer* was a consolidated decision of two cases, *Greer v. United States*, 735 F. App'x 886 (11th Cir. 2019) (unpublished) and *United States v. Gary*, 954 F.3d 194, 201 (4th Cir. 2020).

The defendants argued that accepting a guilty plea without being informed of the statute's knowledge-of-status element requires automatic vacatur. The Court disagreed, reasoning that such errors do not necessarily render the entire proceeding "'fundamentally unfair or an unreliable vehicle for determining guilt or innocence,'" as required for a structural error. *Greer*, 141 S. Ct. at 2100 (citation omitted). Rather, such errors "fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction,'" but a defendant must make the requisite showing of prejudice to obtain relief. *Id*. (citation omitted). Specifically, to demonstrate prejudice, a defendant must show "that he would have presented evidence at trial that he did not in fact know he was a felon," and that but-for the error, there is "a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* In so holding, the Court overruled the Fourth Circuit's decision in *Gary*. *Id.* at 2101.

Although *Greer* articulated the threshold to show prejudice for *Rehaif* errors on direct appeal, its holding is nonetheless instructive in the habeas context. *United States v. Martin*, No. 7:16-cr-25, 2021 WL 3375723, at *5 (W.D. Va. Aug. 3, 2021). The actual prejudice standard for collateral review is a "significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. Indeed, the alleged errors must have "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170. Here, to be entitled

to relief, McCormick must show cause and prejudice to excuse the default, or actual innocence. He can do neither.

Since McCormick has provided no evidence that he was unaware of his status, he suffered no prejudice from being charged by an information that lacked the knowledge-of-status element or pleading guilty without being advised that the government would have to prove the knowledge-of-status element. He also has not asserted that he would have gone to trial if informed that the government had to prove he knew his prohibited status. In any event, the record clearly establishes that the defendant was aware of his prohibited status, which is all that *Rehaif* requires.[3] In 2011 and 2014, the defendant was convicted of misdemeanor assault and battery against a family member, in violation of Va. Code Ann. § 18.2-57.2. Gov't's Resp. Opp'n Ex. A, B, ECF Nos. 41-1, 41-2. These convictions qualify as misdemeanor domestic-violence crimes, as defined under 18 U.S.C. § 921(a)(33). As the Supreme Court recognized, prior felony convictions, or misdemeanor domestic-violence convictions, are substantially probative to prove this element because "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 141 S. Ct. 2097.

---

[3] The government argues that I may consider evidence from the entire record that bears on the defendant's knowledge of his prohibited status. Several circuits have held in the context of plain-error review that this would be appropriate. *See, e.g.*, *United States v. Johnson*, No. 17-10252, 2020 WL 3458969, at *4 (9th Cir. June 25, 2020) (unpublished). I agree.

McCormick was present in the courtroom with his attorneys on both occasions when he pled guilty to the charges and when he was sentenced. This court has previously held such evidence is sufficient, post-*Rehaif*, to prove that the defendant knew that he had previously been convicted of misdemeanor crimes of domestic violence. *United States v. Adams*, No. 2:18CR00011, 2020 WL 1970607, at *4 (W.D. Va. Apr. 24, 2020), *aff'd,* No. 20-4484, 2021 WL 5122174 (4th Cir. Nov. 4, 2021) (unpublished). Finally, during a post-*Miranda* interview related to the underlying offense, which involved McCormick discharging a shotgun toward a neighboring house, the defendant admitted that "his last defense attorney told him not to purchase any firearms," although he did not "give him any more specific instructions regarding firearms." Gov't's Resp. Opp'n Ex. C ¶ 2, ECF 41-3. He further told law enforcement that "he shouldn't have touched the firearm." *Id.*

The government therefore could have proved that McCormick knew of his prohibited status. There is nothing to suggest that he lacked notice of the charged offense based on the information, or that he would not have pleaded guilty had he known that the government would have to prove his knowledge of his status. Nor could the defendant show, based on these same facts, that he is actually innocent of the § 922(g) conviction. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 622 (1998). The defendant has not claimed that he did not know that he had a prior misdemeanor

domestic-violence conviction, and thus, this exception does not apply. Regardless, given McCormick's conduct, it is likely that a jury would have convicted him if the government had to prove the knowledge-of-status element.

III.

For these reasons, I will deny the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered herewith.

DATED: February 1, 2022

/s/ JAMES P. JONES
Senior United States District Judge